United States District Court
Southern District of Texas
**ENTERED**
November 08, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MURUGAPPAN NARAYANAN, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-23-895 |
| | § | |
| NEA CONSULTING, INC., and SUDHA SRINIVASAN, | § § § | |
| | § | |
| Defendants. | § § | |

**MEMORANDUM AND OPINION**

This is an employment-contract dispute. Both sides raced to the courthouse when the employment relationship soured. The employer, NEA Consulting Inc., got there first and sued the employee, Murugappan Narayanan, in New Jersey state court. A few days later, Narayanan filed this suit. The defendants—NEA and its president, Sudha Srinivasan—have filed three motions: (1) a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)–(3), (Docket Entry No. 7); (2) a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), (Docket Entry No. 13); and (3) a motion to transfer venue under 28 U.S.C. § 1404(a), (Docket Entry No. 9). The court grants the first motion and denies the other two as moot. The reasons are explained below.

**I.     Background**

Murugappan Narayanan began working for NEA Consulting, Inc. in 2015. (Docket Entry No. 10 at ¶ 9). Narayanan's job was to provide information-technology services to NEA. (*See id.* at ¶¶ 8–10). Narayanan alleges that he "has various relationships with companies requiring IT related staffing services that NEA otherwise had not engaged but for Narayanan's efforts." (*Id.* at ¶ 10). He alleges that "NEA contracts out the work to Narayanan's Contacts. [NEA] then collects

the money earned from Narayanan's Contacts and the remaining profits go to Narayanan . . . ." (*Id.* at ¶ 11).

Narayanan alleges that his employment relationship with NEA was governed by "multiple contracts," including oral agreements. (*Id.* at ¶¶ 12–14). Narayanan alleges that NEA had orally agreed to pay him "all remaining profits on Narayanan's Contacts after [NEA] retained a $12,000 commission per year, deducting [NEA]'s payments for Narayanan's employer taxes, and other Narayanan related miscellaneous expenses such as credit card invoices." (*Id.* at ¶ 14). Narayanan alleges that NEA breached the agreements when it "quit fully paying Narayanan for his work" in 2018. (*Id.* at ¶¶ 16, 23). Narayanan asserts the same facts as a basis for recovering under unjust enrichment, conversion, and promissory estoppel claims. (*Id.* at 4–5).

## II.  The Legal Standard

Federal Rule of Civil Procedure 13(a)(1) provides that "[a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." A counterclaim is compulsory when any of the following are true: (1) the issues of fact and law raised by the claim and counterclaim largely are the same; (2) *res judicata* would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; or (4) there is any logical relationship between the claim and the counterclaim. *Park Club, Inc. v. Resolution Trust Corp.*, 967 F.2d 1053, 1058 (5th Cir. 1992). A compulsory counterclaim, if not asserted in the first action, cannot be asserted in a later action. *Tank Insulation Intern., Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85 (5th Cir. 1997).

**III.    Analysis**

The defendants move to dismiss under Rule 12(b)(1), (2), and (3), arguing that Narayanan's claims are compulsory counterclaims in NEA's New Jersey lawsuit against him. (Docket Entry No. 7 at 14). The defendants also challenge subject-matter jurisdiction, personal jurisdiction over Srinivasan, and venue. (*Id.* at 12). Finding the compulsory-counterclaim argument meritorious, the court need not address these other arguments.

The defendants rely on the fourth factor of the compulsory-counterclaim analysis, known as the "logical relation test." (*Id.* at 15). The logical relation test is a "loose standard which permits 'a broad realistic interpretation in the interest of avoiding a multiplicity of suits.'" *Plant v. Blazer Fin. Services, Inc. of Georgia*, 598 F.2d 1357, 1361 (5th Cir. 1979) (quoting 3 Moore's Federal Practice 13.13 at 300). A "logical relationship" exists "when the counterclaim arises from the same aggregate of operative facts in that the same operative facts serves as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id.* (quoting reference and quoting marks omitted).

In the New Jersey action, NEA alleges that Narayanan breached his employment agreements by wrongfully terminating his relationship with NEA, continuing to work on an NEA project on behalf of a different employer, failing to submit time sheets, and demanding pay that he was not entitled to under the employment agreements. (Docket Entry No. 7-1 at 22–23). In this Texas action, Narayanan alleges that NEA "quit fully paying Narayanan for his work." (Docket Entry No. 10 at ¶ 16). Narayanan alleges that NEA owed him additional compensation under both written and oral agreements. (*Id.* at ¶ 18). Both the New Jersey and Texas cases turn on whether Narayanan was entitled to certain pay under his employment agreements, including the oral agreement he alleges.

NEA's claim in New Jersey is the flipside of Narayanan's claim in this case. More broadly, the claims in both cases arise from the same employment relationship and turn on the same alleged agreements. *See RPV, Ltd. as Tr. for Vill. Tr. v. Netsphere, Inc.*, 771 Fed. App'x 532, 535 (5th Cir. 2019) (per curiam) (unpublished) ("The claims in this case revolve around the parties' compliance with the same settlement agreement disputed in *Netsphere I*. As such, they are compulsory counterclaims under Federal Rule of Civil Procedure 13(a)."); *Songcharoen v. Plastic & Hand Surgery Assocs., P.L.L.C.*, 561 Fed. App'x 327, 341 (5th Cir. 2014) (per curiam) (unpublished) (holding that a logical relationship existed because the claims in both cases arose out of the same agreement). There is a logical relationship between the claims in the New Jersey case and the Texas case.

For the same reasons, the court also finds that the first factor is met because Narayanan's claims in this case raise the same issues of fact and law as NEA's claims in the New Jersey case. Both cases raise the issue of whether Narayanan was entitled to certain pay under the employment agreements he alleges. The cases involve common questions of fact and law that will determine whether the parties' agreements include the oral agreement that Narayanan alleges.

The court concludes that Narayanan's claims are compulsory counterclaims to the New Jersey action and are therefore barred.

## IV.   Conclusion

Narayanan's claims in this case are dismissed. An order of dismissal is separately entered.

SIGNED on November 8, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

4